The Honorable Chris Raff, Prosecuting Attorney 17th Judicial District 411 North Spruce Searcy, Arkansas 72143
Dear Mr. Raff:
This official Attorney General opinion is rendered in response to a question you have raised concerning mobile phones used by Arkansas Game and Fish Commission officers who are assigned to your area. You have asked:
 Can a quorum court pass an ordinance authorizing payment for mobile phone air time for the two Arkansas Game and Fish Commission officers who are assigned to the area?
It is my opinion that an ordinance authorizing payment by a county for mobile phone air time for the two Arkansas Game and Fish Commission officers who are assigned to the area would be impermissible.
Counties are given broad authority to exercise local legislative authority that is not denied by the constitution or by other law. Ark. Const., am. 55, § 1(a). I find that various provisions of the constitution could be construed to prohibit the type of ordinance that you have described.
Amendment 55, § 1(b) of the Arkansas Constitution states: "No county may . . . exercise any authority not relating to county affairs." Ark. Const., am. 55, § 1(b). It is my opinion that the use of mobile phones by Arkansas Game and Fish officers is not an activity that would fall within the ambit of "county affairs." State Game and Fish officers are state employees, see Ark. Const., am. 35, § 7, and are not authorized to act in their official capacities on behalf of the county. Rather, as state employees, their official activities are conducted on behalf of the state. Therefore, the activities they engage in do not constitute "county affairs." Accordingly, payment by the county of any of their expenses would constitute an exercise of authority "not relating to county affairs," and would thus violate Amendment 55.
Payment by the county for mobile phone air time for Game and Fish officers may also be prohibited by the provisions of Article 16, § 4, which states:
 The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law.
Ark. Const., art. 16, § 4. See also Ark. Const., art. 5, § 27.[1]
The above-quoted constitutional provision could be construed to disallow any compensation to state employees other than that which is determined by the General Assembly. The Arkansas Supreme Court has consistently held that the legislature's authority under Article 16, § 4 to fix the compensation of state employees cannot be delegated. In this regard, the court in J.A. Gipson v. Crawfis, 225 Ark. 903, 286 S.W.2d 336 (1956), stated as follows: "[T]his power of the Legislature to create offices or positions and fix salaries cannot be delegated to any person or board."Id. at 911. Thus, the authority to determine certain aspects of the compensation of Game and Fish Commission employees cannot be deemed to have been delegated to the quorum court.
The Arkansas Supreme Court explained the policy reason underlying Article 16, § 4, as follows:
 It was ". . . intended by the framers of our organic law to forestall, if possible, any extortion, extravagance, or corruption on the part of those entrusted with the administration of public office, and to promote the general welfare by protecting the people from exorbitant taxation in order to meet the necessary burdens of government."
Id., quoting Nixon v. Allen, 150 Ark. 244, 234 S.W. 45 (1921).
The operative question will be whether the use of mobile phones by the Game and Fish Commission employees would constitute compensation. The Arkansas Supreme Court has not addressed the issue of whether value given in forms other than salary or fees would be prohibited by Article 16, § 4. I find that value given in the form of the use of mobile phones is a form of compensation sufficiently similar to salary and fees to warrant consideration by the county of the strictures of Article 16, § 4.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Article 5, § 27 of the Arkansas Constitution states:
 No extra compensation shall be made to any officer, agent, employee or contractor after the service shall have been rendered or the contract made; nor shall any money be appropriated or paid on any claim, the subject-matter of which shall not have been provided for by pre-existing laws; unless such compensation or claim be allowed by bill passed by two-thirds of the members elected to each branch of the General Assembly.
Ark. Const., art. 5, § 27.